UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIKA PARKER,<br><br>           Plaintiff,<br><br>     v.<br><br>J.P. MORGAN CHASE,<br><br>           Defendant. | No.  2:20-cv-1160-JAM-CKD PS<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

      Plaintiff, who is representing herself in this action, has requested leave to proceed in forma pauperis ("IFP").[1] See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).  Plaintiff's affidavit makes the required showing, and so plaintiff's request to proceed IFP is granted.

      Granting a plaintiff IFP status does not complete the required inquiry, however.  The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

**The Complaint & Plaintiff's Earlier Ongoing Lawsuit**

      In March 2020, plaintiff was granted leave to proceed IFP in her earlier suit against the same defendant she names in this case.  Parker v. JP Morgan Chase, No. 2:20-cv-0455-KJM-

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to Local Rule 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

CKD ("Parker I"), ECF No. 3.  In granting IFP status in Parker I, the undersigned dismissed plaintiff's original complaint with leave to amend.  Id.  Plaintiff then filed an amended complaint, which the undersigned found was still defective as facially implausible and lacking any cognizable legal claim that would allow her to recover from defendant.  (Parker I, ECF Nos. 4-5.)  Accordingly, on May 13, 2020, the undersigned issued findings and recommendations that the Parker I suit should be dismissed without leave to amend.  (Id., ECF No. 5.)  On May 19, 2020, plaintiff—without the court's permission—filed a second amended complaint.  (Id., ECF No. 6.)  The Parker I findings and recommendations are still awaiting review by the assigned district judge, and no action has been taken regarding plaintiff's unpermitted second amended complaint (nor is any action needed).[2]

On June 9, 2020, plaintiff filed the instant suit ("Parker II") against J.P. Morgan Chase ("Chase Bank"), using a verbatim copy of her second amended complaint in Parker I as the opening complaint here.  (ECF No. 1 at 7-19.)  Plaintiff also includes a form complaint containing no substantive allegations (id. at 1-6), a copy of the Parker I original complaint and exhibits, and a copy of the Parker I second amended complaint (id. at 20-54).

As best the court can tell from the somewhat disjointed allegations, plaintiff's claims arise from her receipt of a Chase Bank statement listing her name and a "foreign" account number "worth twenty one figures."  (Id. at 7-9.)  Plaintiff asks the court to "investigate" the account because Chase Bank refuses to give her information about the account, telling her that she is not the account owner and other "lies."  (Id. at 8-10.)  She references causes of action under the Fourteenth Amendment generally, and for fraud, embezzlement, and breach of contract.  (Id. at 8, 11-12, 18.)  For relief, plaintiff asks that the total amount in the account be issued to her and offers a seven-figure "reward" to whoever resolves this matter in her favor.  (Id. at 6, 18.)

///

///

///

---

[2] Because plaintiff already filed an amended complaint, she would have had to file a motion to seek the court's permission to file a further amended complaint.  See Fed. R. Civ. P. 15(a)(1)-(2).

**Analysis**

This complaint (in Parker II) must be dismissed with prejudice because it is duplicative of the ongoing Parker I case. "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Adams v. California Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (cleaned up), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880 (2008). District courts have the power to control their dockets, including the power to dismiss claims that are duplicative of claims presented in other cases. M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th Cir. 2012).

To determine whether a suit is duplicative, courts apply the same test that governs claim preclusion, that is, "we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Id. at 688-89. To decide whether the causes of action in two suits are the same, courts apply the "transaction test," which requires consideration of four criteria: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." Id. at 689 (quoting Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982)). "The last of these criteria is the most important." Costantini, 681 F.2d at 1202.

All elements of this test are met here. First, plaintiff is suing the same lone defendant, Chase Bank, in both cases. (See ECF No. 1 at 1-2; No. 2:20-cv-0455, ECF No. 4 (FAC) at 1-2.) Second, the operative complaint in each case requests an investigation of the bank account at issue and lays claim to the balance of the account. (See ECF No. 1 at 6, 8; No. 2:20-cv-0455, ECF No. 4 at 2.) Finally, it is abundantly clear that both cases assert the same causes of action, arising from the same bank account dispute. Although the first amended complaint in Parker I is quite short, its allegations are merely repeated in greater detail in the Parker II complaint—which itself was previously filed as a second amended complaint in Parker I. Given the timeline of events, it seems that plaintiff filed the instant complaint in June 2020 in an attempt to avoid the

1  consequences of the undersigned's May 2020 recommendation that <u>Parker I</u> should be dismissed
2  without leave to amend.  But "the fact that plaintiff was denied leave to amend does not give her
3  the right to file a second lawsuit based on the same facts."  <u>Adams</u>, 487 F.3d at 688 (cleaned up).[3]
4  The court need not go into each of the four criteria for the transaction test here.  By re-filing in
5  <u>Parker II</u> essentially all the pleadings from <u>Parker I</u>, plaintiff makes it obvious that the two suits
6  are the same.  Accordingly, to conserve judicial resources and promote societal interests in
7  finality, this later-filed suit (<u>Parker II</u>) should be dismissed with prejudice.  <u>See</u> <u>id.</u> at 692-93
8  (upholding dismissal of duplicative later suit "where one district court had duplicative suits
9  contemporaneously pending on its docket"); <u>see also</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1105
10 n.5 (9th Cir. 1995) (no abuse of discretion where district court dismisses an IFP complaint that
11 "merely repeats pending or previously litigated claims").[4]

**ORDER**

Accordingly, it is HEREBY ORDERED that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

**RECOMMENDATIONS**

In addition, it is RECOMMENDED that

1. Plaintiff's complaint be DISMISSED with prejudice as duplicative; and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within twenty-one (21) days** after being served with these findings and recommendations, plaintiff may file written

///

---

[3] There is no indication that <u>Parker II</u> is based on events that have occurred since the filing of <u>Parker I</u>, and although plaintiff's time to seek leave to amend in <u>Parker I</u> has now passed, she received a full and fair opportunity to raise there all the claims she now (re)asserts in this action. See <u>Adams</u>, 487 F.3d at 692-93.

[4] In addition, even if this suit were not duplicative of <u>Parker I</u>, the undersigned would find that the complaint is facially implausible and lacks a valid basis for recovery.  Most notably, the complaint contains no allegations from which the court can infer that plaintiff is entitled to the funds in the account.

4

objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 25, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.1160.park